IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL ACTION NO.  9:03CR10 |
| JERRY WAYNE TURNER | § | |

REPORT AND RECOMMENDATION ON
REVOCATION OF SUPERVISED RELEASE

    The Government moved to revoke Defendant Jerry Wayne Turner's supervised release based on violations of his supervised release conditions.  On June 27, 2005, the undersigned conducted a revocation hearing.  At the hearing, the Government was represented by Assistant United States Attorney Bill Baldwin and the Defendant was represented by Assistant Federal Public Defender Greg Waldron.  The Defendant waived his right to a revocation hearing and pleaded "true" to the allegations.  It is the recommendation of the undersigned that the plea be accepted and that the Defendant be sentenced to serve six months of imprisonment plus sixty-five (65) days of unserved community confinement.

*Background*

    After pleading guilty to the offense of Larceny of a Post Office in violation of 18 U.S.C. § 2115, the Defendant was sentenced on October 6, 2003 by the Honorable John Hannah, Jr., United States District Judge, to fourteen (14) months of imprisonment to be followed by two years of supervised release, plus special conditions to include financial disclosure, credit restrictions, and participation in a program of testing and treatment for drug abuse.  The Defendant completed his term of imprisonment and began serving his term of supervised release on January 30, 2004.

*The Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on May 3, 2005, United States Probation Officer Charles Fuller alleges that the Defendant violated the mandatory supervised release condition that states that the defendant shall refrain from any unlawful use of a controlled substance.  Mr. Fuller further alleges that the Defendant submitted urine specimens which tested positive for methamphetamine on March 30, 2004, November 15, 2004 and April 1, 2005.  Additionally, Mr. Fuller alleges that the Defendant violated two special supervised release conditions.  The first condition states that the defendant shall participate in a program of testing and drug treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  The second condition states that the defendant shall reside in the community corrections component of the community confinement center for 180 days and shall observe all rules and regulations of the facility.

With respect to the first special condition, Mr. Fuller alleges that the Defendant failed to provide urine specimens as required by the random drug testing program on November 18, November 22, November 23, December 2, December 6, and December 7, 2004.  Last, with respect to the second special condition, Mr. Fuller alleges that the Defendant was unsuccessfully terminated from the community confinement center for violating facility rules.  Specifically, on April 4, 2005, the Defendant signed out of the community confinement center as of he were going to work and subsequently spent the day with his girlfriend.  Additionally, on April 5, 2005, the Defendant was instructed to provide a urine specimen for analysis by community confinement center staff and he failed to provide the specimen.

*The Hearing*

On June 27, 2005, the Defendant appeared for his revocation hearing.  In open court, the Defendant waived his right to a revocation hearing.  He entered a plea of "true" to the allegation that he submitted urine specimens which tested positive for methamphetamine on March 30, 2004, November 15, 2004 and April 1, 2005.  He also pleaded "true" to the allegation that he failed to provide urine specimens as required by the random drug testing program on November 18, November 22, November

23, December 2, December 6, and December 7, 2004.  Finally, he pleaded "true" to the allegation that he was unsuccessfully terminated from the community confinement center for violating facility rules.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  In the present case, the Defendant's original offense was a Class D felony; accordingly, the maximum sentence the Court may impose is two years imprisonment.  18 U.S.C. § 3583(e).

Based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds that the Defendant violated his conditions of supervised release by possessing methamphetamine, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  At the time of his original conviction, the Defendant's criminal history category was II, with a total offense level of 12.  Section 7B1.4(a) provides a guideline range of 6 to 12 months imprisonment for a Grade B violation with a criminal history category of II.[1]

If the Court finds that the Defendant violated his conditions of supervised release, as alleged, by using methamphetamine on or about March 30, 2004, November 15, 2004, or April 1, 2005; by failing to provide urine specimens as required by the random drug testing program on November 18, 2004, November 22, 2004, November 23, 2004, December 2, 2004, December 6, 2004, or December 7, 2004; or by being unsuccessfully terminated from the community confinement center for violating facility rules, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  At the time of his original conviction, the

---

[1] It is noted that the recent decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) does not affect revocations of supervised release.  *See United States v. Edwards*, ___ F.3d ___ (8th Cir.2005); *United States v. Brown*, 2005 WL 518704 (4th Cir.2005); *United States v. Calderon*, 2005 WL 319115 (10th Cir.2005).  The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *Brown,* 2005 WL 518704, slip op. p. 1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only).

Defendant's criminal history category was II, with a total offense level of 12. Section 7B1.4(a) provides a guideline range of 4 to 10 months imprisonment for a Grade C violation with a criminal history category of II.

*Findings and Conclusions*

I find that the Defendant was competent and that his plea and waiver of the revocation hearing were knowingly and voluntarily made. I accept the Defendant's plea and find by a preponderance of the evidence that the allegations that he submitted urine specimens which tested positive for methamphetamine on March 30, 2004, November 15, 2004 and April 1, 2005; that he failed to provide urine specimens as required by the random drug testing program on November 18, November 22, November 23, December 2, December 6, and December 7, 2004; and that he was unsuccessfully terminated from the community confinement center for violating facility rules are true. The Defendant is guilty of Grade B and Grade C violations. I find that his term of supervised release should be revoked. I further find and conclude that the Defendant should be sentenced to a term of six months imprisonment plus 65 days of unserved community confinement with no further supervised release and that all criminal monetary penalties previously ordered in the final judgment be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

It is recommended that the Defendant's term of supervised release be **REVOKED** and that he be sentenced to six months of imprisonment plus 65 days of unserved community confinement with no further supervised release. It is further recommended that the Defendant serve his imprisonment in Seagoville, Texas.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified the Defendant of his right to object to this Report and Recommendation and to be present

and allocute before being sentenced by the Court.  The Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke the Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of six months plus 65 days of unserved community confinement.

    So **ORDERED** and **SIGNED** this **29** day of **June, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE